## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

AARON YORK, JR.,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-14-264-FHS-KEW
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Aaron York, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on February 27, 1960 and was 53 years old at the time of the ALJ's decision.  Claimant completed his education through the tenth grade with special education classes.  He asserts that he cannot read or write.  Claimant has worked in the past as a dry waller.  Claimant alleges an inability to work beginning January 1, 2008 due to limitations resulting from neck and back

problems, arthritis, and depression.

## Procedural History

On December 8, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on August 30, 2010. The decision was appealed and this Court reversed and remanded on January 22, 2013.

On remand, an administrative hearing was held on December 19, 2013 before Administrative Law Judge Bernard Porter by video with the ALJ presiding in McAlester, Oklahoma and Claimant appearing in Fort Smith, Arkansas. On March 28, 2014, the ALJ issued a second unfavorable decision on Claimant's applications. Claimant did not seek review before the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, he retained the RFC to perform a range of light work
with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching an
improper RFC determination; and (2) making unsupported findings at
step five.

## RFC Determination

In his decision, the ALJ determined Claimant suffered from the
severe impairments of a history of polysubstance abuse, major
depressive disorder, personality disorder, anxiety disorder,
obsessive compulsive disorder, degenerative disc disease of the
lumbar spine, degenerative joint disease of the knees, gout,
history of umbilical and ventral hernia, restless leg syndrome,
hypertension, atrial fibrillation with cardiac pacemaker placement,
mild cerebral atrophy, generalized osteoarthritis at multiple
sites, bilateral shoulder osteoarthritis, history of testicular
cancer, and obesity. (Tr. 376). The ALJ concluded that Claimant
retained the RFC to perform a range of light work except he can
only occasionally use foot controls, occasionally reach overhead,
occasionally climb ramps and stairs but never climb ladders, ropes
or scaffolds and crawl. Claimant could frequently balance, stoop,
and crouch, and occasionally kneel. Claimant was restricted by the

ALJ to hearing and understanding simple oral instructions. Claimant must avoid exposure to unprotected heights, moving mechanical parts and temperature extremes. He was required to have as sit/stand option that allows for a change in position at least every 30 minutes. Due to psychologically based factors, Claimant was able to perform simple tasks with simple work related decisions, could have occasional interaction with co-workers and supervisors and no interaction with the public. Claimant may abe off task for up to 5 percent of the workday and he may miss one day per month. (Tr. 381-82). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of small products assembler, electrical accessory assembler, and conveyor line bakery worker all of which he found to existed in sufficient numbers in the regional and national economies. (Tr. 390). As a result, the ALJ found Claimant was not disabled from January 1, 2008 through the date of the decision. (Tr. 391).

Claimant initially contends the ALJ erred by failing to obtain further consultative examinations since five years had passed since the last such examinations. Other than the mere passage of time, Claimant cites to no change of condition which would warrant updated consultative examinations. Generally, the burden to prove

disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2).

Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of the factors which might compel the ordering of a consultative examination to be present in this case. No conflict in the medical evidence exists, Claimant's condition does not require the evaluation by highly specialized experts, no change of condition has been suggested, and the need for additional evidence is not indicated. As a result, the ALJ did not err in failing to obtain a consultative examiner.

Claimant next asserts the activities required by the ALJ's RFC exceed his abilities given his physical and mental limitations. The ALJ relied heavily upon the report of Dr. Ronald Schatzman who performed a consultative examination of Claimant on February 26,

2009. Dr. Schatzman found Claimant had no point tenderness during the evaluation, peripheral pulses were adequate in all four extremities, no edema, grip strength was 5/5 bilaterally strong and firm. Claimant was able to perform both gross and fine tactile manipulation, finger to thumb opposition was adequate, knees showed no effusion or edema and were stable in all range of motion exercises. Great toe strength was equal bilaterally, heel/toe walking was normal, tandem gait was within normal limits, and leg lengths were equal bilaterally.

Claimant's cervical spine was non-tender with full range of motion. Thoracic spine was non-tender with full range of motion. The lumbar-sacral spine was non-tender with full range of motion associated with pain. Straight leg raising was negative bilaterally in both the sitting and supine positions. Claimant's gait was safe and stable with appropriate speed. At that time, Claimant did not ambulate with an assistive device and had no muscle atrophy. Dr. Schatzman diagnosed Claimant with chronic neck and back pain by history, methamphetamine abuse, edentulous, shoulder pain, probable rotator cuff, residuals of testicular cancer, and obesity. (Tr. 221).

On December 9, 2013, Dr. Steven Medeires noted Claimant had decreased range of motion of the neck with rotation in either

direction, a slowed and limping gait with the use of a cane, decreased range of motion in the shoulders, neck, back, hips, and right knee. He also noted pain with range of motion with neck rotation, shoulders, and back. (Tr. 595). Claimant has not identified any record which indicates he was prescribed the use of a cane as a required assistive device. The ALJ noted Dr. Medeires' findings but stated seven months earlier, the physician reported Claimant had normal range of motion, strength, and tone on musculoskeletal examination. (Tr. 389).

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's

condition). Claimant has failed to demonstrate that his spinal and joint disease has resulted in further functional limitation than contemplated by the ALJ in his RFC assessment. He properly discounted Claimant's subjective complaints and did not err in his evaluation of the medical record as it pertains to Claimant's physical impairments.

Claimant also contends the ALJ did not adequately consider his mental impairments. On March 13, 2009, Claimant was evaluated by Dr. Denise LaGrand, a licensed clinical psychologist. Dr. LaGrand performed various objective testing upon Claimant. His IQ was estimated in the low average range. (Tr. 230). She estimated that Claimant's ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be low to below average. His ability to think abstractly, ability to function appropriately socially and emotionally and his judgment were estimated to be adequate. Dr. LaGrand found no organic impairment. Claimant's orientation and contact with reality were appropriate as were his abstract reasoning and emotional control. (Tr. 231).

The ALJ gave Dr. LaGrand's "little weight", finding it was not fully supported or consistent with the evidence of record as a whole. (Tr. 386). The ALJ gave no indication which evidence

contradicted Dr. LaGrand's opinion.    In fact, throughout the decision, the ALJ relies upon Dr. LaGrand's findings to contradict Claimant's subjective level of functional impairment.  He noted Dr. LaGrand found Claimant was not limited in his activities of daily living.  (Tr. 380, 385).

The ALJ is required to evaluate every medical opinion in the record.  Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006).  Opinions by consultative physicians must be evaluated according to the factors contained in 20 C.F.R. § 416.927(c). These factors include (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Chapo v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012).  After evaluating the opinion using these factors, the ALJ must provide a valid explanation for the weight afforded the opinion and provide specific and legitimate reasons if the opinion is rejected.  Id.

In this case, the ALJ's decision lacks the specificity of references to the evidence of record which contradicts Dr. LaGrand's findings.

Morever, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ has done precisely that in adopting portions of Dr. LaGrand's report which supported his finding that Claimant could perform activities of daily living but rejecting her further findings of limitations which would support disability. On remand, the ALJ shall reconcile these inconsistencies and re-examine Dr. LaGrand's opinion.

## Step Five Analysis

Claimant also contends the hypothetical questioning of the vocational expert did not include all of his functional limitations. Since the ALJ is required to re-evaluate Dr. LaGrand's findings, further limitations may result. The ALJ shall reformulate his hypothetical questioning to mirror his RFC findings on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE